312

# WASHINGTON COUNTY,

## October Term, 1796.

### United States v. Jacob Wolf.

1796. $INDEBITATUS$ *assumsit* for 96 dollars and 12 cents, being arrearages of duties on two stills owned and used for the distillation of whiskey, in the year commencing with the 1st *July*, 1793, and ending with the 30th *June*, 1794, and, in consideration of this, laying a promise on 28th *November*, 1794, to pay those arrearages.

The duty imposed on stills by the act of congress was not paid in these counties, and the attempts to enforce its payment here, having excited the insurrection, and been rendered effectual by the expedition of 1794, the secretary of the treasury, on the 17th *November*, 1794, considering the hardship of enforcing the payment of all the arrears of duty in these counties, from 30th *June*, 1791, instructed the collectors to receive entries of stills, for the year beginning with the 1st *July*, 1794, and ending with the 30th *June*, 1795, without exacting the payment of any arrears of duty except for the year immediately preceding, that is, from the 30th *June*, 1793, to 1st *July*, 1794, ascertaining those arrears by the capacity of the stills.

In consequence of this, the collectors, though the time of entry was past, did receive entries of stills, and, at the same time, took express written promises to pay the arrears of the preceding year. And, in consideration of this entry and promise, past penalties and forfeitures were waved.

But, afterwards, some distillers in *Washington* county fancied, and many were told, that, if there was no office of inspection in that county in the month of *June*, 1793, they were not liable to the duty for the year from 30th *June*, 1793, to 1st *July*, 1794; and if they were not liable, their promise to pay did not bind them.

Many distillers, therefore, who, in *November*, 1794, had entered their stills for the current year, and pro-

mifed payment for the preceding, refufed to comply with 1796.
this promife; and, on this refufal, fuits were brought
againft them.

Among thefe was *Jacob Wolf*; and, at the trial of
this action, the preceding circumftances were proved as
to him; and proof was alfo made of the capacity of his
ftills; that they were worked in the fpring of 1794, and
were in the furnace in *August*, 1794; that there was an 1 U.S.L.319.
infpection office opened in *Wafhington* county in *June*,
1794, and continued in other counties of this furvey;
and that a demand of the arrears was made of *Jacob
Wolf*. A loofe piece of paper containing various num- 1 U.S.L.319-
bers of gallons of whifkey diftilled, but without dates, 20.
was offered in evidence for the defendant, but rejected,
as not being a book within the meaning of the act of
congrefs.

*Brackenridge* and *Young* for the defendant. There is
no evidence of an infpection office in *Wafhington* county
in 1793, therefore no arrears are demandable for the 2 U.S.L.95.
year 1793-4. If there were a promife, it is without
confideration, obtained by mifreprefentation, and by
taking undue advantage of the defendant's fituation.—
There was no demand made at the dwelling-houfe of 1 U.S.L.319.
the defendant. No laws paffed after *May*, 1794, are to
be taken into view in this action. No advantage can be
taken of the penalty or forfeiture of the law of *June*,
1794, but for the purpofe of enforcing the payment of
duties under exifting laws.

*Rofs* and *Campbell*, for the *United States*. In *Novem-
ber*, 1794, the defendant was liable to all paft duties,
penalties, and forfeitures. If no election be made, the
duty is payable on the capacity of the ftill. The act 3 U.S.L.93-
of 1794, requires an entry of ftills, if there be an office 95.
within the furvey; and makes a perfonal demand fuffi-
cient. This applies to all future demands of paft duties.
There is a diftinction between duties and penalties.—
The duties arife from working the ftills, or having them 1 U.S.L.319.
erected in ftone, brick, or fome other manner, whereby
they fhall be in a condition to be worked. The duties
are a debt, though the ftills were never entered. The
penalties cannot be demanded for not entering, unlefs an
office exifted within the legal bounds; but the duty is
notwithftanding a debt and payable. And, as the de-

fendant has fhewn no regular book, that debt muft be afcertained by the capacity of the ftill. The diftillers have been greatly favoured. The duty for three years might have been exacted, and demand is made for the duty of only one of thofe three years ; and all penalties and forfeitures are waved. Surely here is a valuable confideration for a promife.

PRESIDENT. I will confider this cafe,

1. As if no exprefs promife to pay had been made on the 28th *November*, 1794 ;

2. As on this promife.

1. I am clearly of opinion, that, on the 28th *November*, 1794, all duties on ftills, not paid, were then due, and might be exacted for three years, from the 30th *June*, 1791, to the 1ft *July*, 1794, whether an infpection-office exifted in the county or not. The exiftence or non-exiftence of an infpection office, only comes in queftion, when the penalty for not entering is demanded. Both penalty and duty may be exacted. The penalty is "the more effectually to prevent the evafion of the duty ;" and, therefore, as it may be *lefs* than the duty, cannot be *inftead* of it. If on a demand, a regular book had been exhibited, the defendant might have elected to pay according to the quantity of the fpirits diftilled. But as no book has been fhewn, the duty, according to the capacity of the ftills, might be demanded and recovered, whether the defendant promifed or not ; for, if due, the law implies a promife. Of this duty a fufficient demand has been proved ; and the defendant muft pay it.

2. To underftand the exprefs promife, we muft take into view, the prefident's inftructions with regard to the country in general, and the inftructions of the fecretary of the treafury to the collectors, and confider this promife as an execution of thefe, on the part of the defendant. It is a reafonable, and for him an advantageous execution. The *United States* might have exacted from the defendant the penalty for not entering his ftills in *June*, 1794, and might have exacted all paft duties, penalties, and forfeitures. Waving thefe is a good confideration, and the promife is binding.

In either way, there muft be a verdict for the *United States*.

The jury found for the *United States* the fum demanded.